**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4283**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL SPICER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. John T. Copenhaver, Jr., District Judge. (2:16-cr-00205-1)

Submitted: December 21, 2017                    Decided: December 27, 2017

Before WILKINSON and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Susan M. Robinson, THOMAS COMBS & SPANN, PLLC, Charleston, West Virginia, for Appellant. Carol A. Casto, United States Attorney, Timothy D. Boggess, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a plea agreement, Darrell Spicer pled guilty to possession with intent to distribute heroin, in violation of 21 U.S.C. § 841 (2012). Spicer now appeals the district court's order denying his motion to dismiss the indictment or, alternatively, to suppress evidence.[*] For the reasons that follow, we affirm the judgment of the district court.

"When a district court has denied a motion to suppress, we review the court's legal conclusions de novo and its factual findings for clear error[,] view[ing] the evidence in the light most favorable to the government . . . ." *United States v. Hill*, 852 F.3d 377, 381 (4th Cir. 2017) (citations omitted). Likewise, we review de novo the district court's legal conclusions underlying the denial of a motion to dismiss. *United States v. Hasan*, 718 F.3d 338, 342 & n.4 (4th Cir. 2013).

Spicer contends that the Kanawha County Sheriff's Office engaged in outrageous conduct by allowing a confidential informant ("CI") to drive to a prearranged controlled drug buy after the CI's license had been revoked. He asserts that the Sheriff's Office failed to examine the CI's criminal record, failed to discover that the CI's license had been revoked, and caused the CI to violate the informant contract, which prohibits an informant from violating the laws of West Virginia. Spicer also asserts that Corporal Vernon misrepresented the facts of the controlled buy when he stated in the search warrant affidavit that the CI "was drove" to the location of the transaction.

---

[*] Spicer's conditional guilty plea expressly reserved his right to appeal the denial of this motion.

A federal court has the authority to dismiss an indictment based on outrageous government conduct. *See United States v. Russell*, 411 U.S. 423, 432 (1973); *Hasan*, 718 F.3d at 343. However, to amount to a due process violation, the government conduct must be more than "merely offensive"; it must be so outrageous as to shock the conscience of the court. *Hasan*, 718 F.3d at 343; *United States v. Osborne*, 935 F.2d 32, 36 (4th Cir. 1991) (upholding conviction of defendant who provided heroin in exchange for sexual favors from woman who had been manipulated into doing so by the FBI).

We conclude that the government conduct at issue in this case is not so outrageous as to be shocking or offensive to traditional notions of fundamental fairness. *United States v. Goodwin*, 854 F.2d 33, 37 (4th Cir. 1988) (finding due process violation only when conduct at issue "is outrageous, not merely offensive"). Moreover, permitting the CI to drive to the transaction with Spicer on a revoked license did not violate any protected right of Spicer's. *See Hampton v. United States*, 425 U.S. 484, 490 (1976) ("[t]he limitations of the Due Process Clause . . . come into play only when the Government activity in question violates some protected right of the *defendant*) (emphasis added). Additionally, we find no error in the district court's determination that the evidence obtained as a result of the controlled drug purchase and as a result of the subsequent search warrant were not tainted by the CI's unlicensed driving to the drug transaction.

We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3